

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MMS:ANW
F. #2016R01177

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 17, 2016

<u>By Hand Delivery and ECF</u>
Peter Kirchheimer, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

        Re:    <u>United States v. Nathaniel Taylor</u>
              <u>Criminal Docket No. 16-455 (FB)</u>

Dear Mr. Kirchheimer:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, Bates-numbered NT000001-NT0000048. The government also requests reciprocal discovery from the defendant.

I.    <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

      The following materials include statements and/or pedigree information of the defendant:

- A written statement made by the defendant to law enforcement on or about May 12, 2016 and bearing the defendant's signature, Bates-numbered NT000001-NT000003;

- A redacted law enforcement report containing statements made by the defendant on or about May 12, 2016, Bates-numbered NT000004;

- A <u>Miranda</u> waiver form bearing the defendant's signature, Bates-numbered NT000005;

- Copies of postal money orders made payable to Keith Greenbaum bearing the defendant's initials, Bates-numbered NT000006; and

- Copies of video surveillance photos bearing the defendant's initials, Bates-numbered NT000007-NT000010.

B. <u>The Defendant's Criminal History</u>

Enclosed please find a document containing the defendant's criminal history, which denotes all convictions of which the government is currently aware, Bates-numbered NT000011-NT000032.

C. <u>Documents and Tangible Objects</u>

Enclosed please find the following:

- Copies of an identification card and a credit card in the name of Keith Greenbaum, Bates-numbered NT000033-NT000034;

- Copies of postal money orders made payable to Trey Jones, Bates-numbered NT000035;

- Copies of identification cards and credit cards in the name Trey Jones, Bates-numbered NT000036-NT000037;

- Copies of postal money orders made payable to Derick Jones, Bates-numbered NT000038-NT000045;

- Copies of an identification card and a credit card in the name of Derick Jones, Bates-numbered NT000046-NT000047; and

- A copy of a United States Postal Inspection Service alert, dated May 3, 2016, Bates-numbered NT000048.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of

public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

ROBERT L. CAPERS
United States Attorney

By:    /s/ Alicia N. Washington
Alicia N. Washington
Assistant U.S. Attorney
(718) 254-6009

Enclosures (NT000001-NT000048)

cc:    Clerk of the Court (FB) (by ECF) (without enclosures)